IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Melvin Bowens,                               :

          Plaintiff          :          Civil Action 2:10-cv-00219

  v.                                         :          Judge Sargus

Columbus Metropolitan Library Board          :          Magistrate Judge Abel
of Trustees., *et al.*,
                                :
          Defendants

# ORDER

This matter is before the Magistrate Judge on defendants Columbus Metropolitan Library Board of Trustees, Meredith G. Patzer, and Forrest D. Sorensen's July 1, 2010 motion to stay discovery (doc. 16).

<u>Allegations in the Complaint</u>. The complaint makes the following allegations. The Columbus Metropolitan Library ("CML") terminated plaintiff Melvin Bowens' employment as a security officer at its Karl Road branch because of his African American race. Bowens was employed by CML from September 15, 2005 until January 12, 2009. Defendants Meredith G. Patzer and Forrest Sornensen told Bowens that he was being terminated because he failed to report a December 29, 2008 incident at the library and because he used excessive force during the incident. The complaint pleads that the stated reasons were false and pretextual and that he was replaced by a white Caucasian.

1

Claims are pleaded for racial discrimination in employment under Title VII, 42

U.S.C. § 1981, and Ohio Revised Code §§ 4112.02 and/or 4112.99, and tortious wrongful

discharge in violation of public policy.

Arguments of the Parties.  Defendants request that the Court stay discovery in

this matter pending the Court's ruling on the defendants' motion for summary

judgment. Defendants maintain that plaintiff's claims are barred by the six-month

statute of limitations/contractual limitation period to which plaintiff agreed when he

signed and submitted his application for employment with the library. Defendants

argue that staying discovery is appropriate because the action should be dismissed

based on legal determinations that can not be altered by further discovery.

Plaintiff maintains that defendants are not entitled to summary judgment and

that they have not provided sufficiently compelling reasons to halt discovery at such an

early phase of discovery.

Discussion. Rule 26(c) permits a district court to issue a protective order staying

discovery during the pendency of a motion for "good cause shown." Fed. R. Civ. P.

26(c). "Trial courts have broad discretion and inherent power to stay discovery until

preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*,

190 F.3d 708, 719 (6th Cir.1999). Limitation of discovery may be appropriate where

claims are subject to dismissal "based on legal determinations that could not have been

altered by any further discovery." *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422,

430 (6th Cir. 1995). Whether to authorize a stay of discovery pending a preliminary

ruling is discretionary. *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304-05 (6th Cir.2003). In ruling upon a motion for stay, a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery. *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, Mar. 4, 2008). When a party seeks a stay, rather than a prohibition, of discovery, the burden upon the party requesting the stay is lighter than it would be if the party was seeking total freedom from such discovery. *Marrese v. Am. Acad. of Orthopedic Surgeons*, 706 F. 2d 1488, 1493 (7th Cir. 1983).

Here, defendants fail to explain why conducting discovery will place an unnecessary burden on them. They make no showing whatsoever that proceeding with discovery will be burdensome. Instead, defendants rely solely on the fact that they have a motion for summary judgment pending, but the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery. *Ohio Bell Telephone Co.*, 2008 WL 641252 at *1.

I begin with the observation that the duty of preservation--which arises when a party knows that litigation is likely-- imposes a cost that is not insubstantial. If documents or other information come into a party's possession as a result of meeting its obligation to preserve evidence, it would be difficult to argue that production of that document would be burdensome.

3

Whether a discovery request is burdensome within the meaning of Rule 26(b)(2) (C)(iii) is best determined in a concrete factual matrix.  Here I can best understand the relevance of discovery requests and the burden of responding to them when confronted with specific discovery requests/deposition requests.  Further, in my experience, some discovery imposes little burden–whether directed to the merits or non-merits issues. For example, if a document request can be answered easily by searching the file cabinets of one employee or, by a routine business operations, one database, it is not burdensome. Once discovery requests are served, defendant may well determine that it would not be burdensome to respond to many of them.  A further benefit of serving discovery now is that it will inform and assist the opposing party in meeting its obligation to preserve all documents and other evidence relevant to the claims and defenses of the parties in this lawsuit.

Consequently, I will not limit discovery now.  Plaintiffs are free to serve discovery.  If defendant believes a discovery request is burdensome, it may so respond. If, after counsel consult, they cannot agree as to whether the discovery should be provided, they should call my office (614.719.3370) and schedule a telephone discovery conference.  S.D. Ohio Civ. Rule 37.1.  The letters exchanged by counsel and the discovery requests at issue should be emailed (Mark_Abel@ohsd.uscourts.gov) before the conference.

4

Therefore, defendants Columbus Metropolitan Library Board of Trustees, Meredith G. Patzer, and Forrest D. Sorensen's July 1, 2010 motion to stay discovery (doc. 16) is DENIED. Defendants may move for a protective order in the future in the event that discovery becomes unduly burdensome.

Conclusion. For the reasons stated above, defendants Columbus Metropolitan Library Board of Trustees, Meredith G. Patzer, and Forrest D. Sorensen's July 1, 2010 motion to stay discovery (doc. 16) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.


s/ Mark R. Abel
United States Magistrate Judge

5