IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

MELVIN BOWENS,

        Plaintiff,

    v.                              Case No. 2:10-CV-219
                                       JUDGE EDMUND A. SARGUS, JR.
                                       Magistrate Judge Kemp

COLUMBUS METROPOLITAN
LIBRARY BOARD OF TRUSTEES,
ET AL.,

        Defendants.

## OPINION AND ORDER

      This matter is before the Court on the Motion for Summary Judgment (Doc. 15), filed by Defendants, Columbus Metropolitan Library Board of Trustees, Meredith G. Patzer, and Forrest D. Sorensen (collectively, "the Library"). Plaintiff, Melvin Bowens, opposes the motion. The motion has been fully briefed and is now ripe for disposition. For the reasons that follow, Defendants' motion is **DENIED.**

### I. Background

      Melvin Bowens initiated this action after the Library terminated his employment as a part-time security guard at a Columbus Metropolitan Library branch location. Mr. Bowens alleges that the Library discriminated against him on the basis of his race, in violation of 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981; Ohio Revised Code §§ 4112.02 and/or 4112.99. Mr. Bowen also alleges a claim for tortious wrongful discharge in violation of Ohio public policy.

      The facts underlying the motion at bar are straightforward. Mr. Bowens completed an online employment application form for a part-time security guard position at the Columbus Metropolitan Library on October 26, 2005. (Bowens Aff. ¶ 4, Doc. 18-1.) The application form

consists of seven pages containing fourteen boldfaced headings in larger print. (App. Form, Doc. 18-5.) These headings are grouped into general categories according to the type of information sought in each section, such as "Employment History," "Education," "Technology Skills," and the like. *Id.* Under each heading are several subsections in normal typeface and smaller print. *Id.* Each subsection requests specific information relating to the general category. *Id.* For example, under the section entitled "Technology Skills" are subsections such as "Software (please indicate all that apply)," "Hardware/Database (please list)," "Keyboarding", and "Other Technology (please list)." *Id.* At the bottom of page six and continued at the top of page seven of the application form is the following, which is in the same regular typeface and normal print as the previously described subsections:

> ACKNOWLEDGEMENT READ CAREFULLY BEFORE SIGNING  I certify that my application for employment with the Columbus Metropolitan Library (the "Library") is true and complete, and I understand that if employed, false or omitted statements on this application or other Library documents or false statements or information given during the employment interview may result in my immediate dismissal.  I understand that all employees of the Library are employed for an indefinite term, and employment may be terminated, with or without cause, and with or without notice, at any time, at the will of either the employee or the Library.  I understand that nobody has the right to make any promise to me or to agreement [sic] with me that changes the at-will status of my employment.  I agree that in the event I am employed by the Library, I will comply with all established policies and practices.  I agree that any claim or lawsuit related to my employment or application for employment with the Library, including claims against the Library, its Board of Trustees, or its employees must be filed no more than six (6) months after the date of the employment action that is the subject of the claim or lawsuit.  I waive any statute of limitations to the contrary.  I acknowledge that I have read and understand the terms of this Acknowledgement.  I knowingly and voluntarily agree to these terms.  Please type your full name to the right at the beginning of this Acknowledgement.

(App. Form, Doc. 18-3, at 6-7.) Mr. Bowens' name is typed in the designated location at the beginning of the Acknowledgement Form. *Id.* at 6.

In December 2005, Monique Underwood, Recruiting/Staffing Specialist for the Columbus Metropolitan Library, invited Mr. Bowens to interview for the security guard position.

2

(Bowens Aff. ¶ 5, Doc. 18-1.) Mr. Bowens appeared for the interview on December 15, 2005. *Id.* Before conducting the interview, Ms. Underwood presented Mr. Bowens with a printed copy of the employment application form he had completed and submitted online nearly two months earlier. She asked him to sign the printout and informed him that she needed a signed copy "for the file." *Id.* Ms. Underwood did not advise Mr. Bowens that the application was intended to form a contract between the Library and Mr. Bowens. *Id.* In addition, it does not appear—nor does the Library assert—that Ms. Underwood informed Mr. Bowens that his signature was required before the interview could proceed or a job offer tendered. Mr. Bowens signed and dated the form. *Id.* No signature by any Library representative appears on the application, and nothing on the form indicates that the waiver of rights is given as consideration for the Library's promise review or actual review of Plaintiff's application. (App. Form, Doc. 18-5.)

Immediately following the interview, Ms. Underwood presented Mr. Bowens with a letter offering him the part-time position as a security officer. (Bowens Aff. ¶ 7, Doc. 18-1.) The letter, dated December 15, 2005, appears on Columbus Metropolitan Library letterhead. The first paragraph of the letter states:

> On behalf of the Columbus Metropolitan Library, I am pleased to extend an employment offer to you for the part-time, 20-24 hours per week position as a Security Officer located at the Karl Rd. [branch]. Below are the details of the employment offer we discussed.

(Employment Letter, Doc. 18-4, at 1.) The final paragraph states, in pertinent part:

> To accept this position offer, please sign below. Should you have any questions or wish to discuss any details of this position offer, please contact me.

(Employment Letter, Doc. 18-4, at 2.) The letter is signed by Monique Underwood. Below her signature is the following statement: "I accept the position and/or employment offer as outlined above," under which appears Mr. Bowens' signature, dated December 15, 2005. *Id.*

In addition, the letter contains information about the position's compensation, hourly pay rate, effective date, and benefits. (Doc. 18-4.) The letter also includes information about performance assessments, the Employee Handbook, driving requirements, work schedule, employment verification process, and a statement about staff development. *Id.* It does not reiterate the provisions contained on the application form, nor does it incorporate the application form by reference.

Ms. Underwood gave Mr. Bowens a copy of the employment letter with both signatures. (Bowens Aff. ¶ 7.) Neither she nor any other Library personnel provided him with a copy of the application form that he signed. (Bowens Aff. ¶ 6.)

Mr. Bowen began work on December 18, 2005. (Bowens Aff. ¶ 8.) Shortly after starting work, he received orientation and training. *Id.* In January 2006, he received a copy of the Employee Handbook. *Id.* At that time, Mr. Bowens signed a form entitled, "Handbook Acknowledgement," confirming that he had read a copy of the Employee Handbook. *Id.* As relevant to the motion at bar, the Handbook Acknowledgement states the following: "I understand that the Handbook supercedes [sic] any and all previous policies related to employment. . . ." (Handbook Acknowledgement, Doc. 18-7.) The Handbook Acknowledgement restates the employment provisions contained in the "Acknowledgment" section of the application form.[1] It does not reassert the other provisions.

Approximately three years later, on January 12, 2009, the Library terminated Mr. Bowens' employment. This suit followed. Mr. Bowens filed his complaint on March 11, 2010. Thereafter, the Library filed the motion for summary judgment presently under consideration.

---

[1] Handbook Acknowledgement wording is as follows: "Neither this handbook nor any other document confers any contractual right, either express or implied, to remain in the Library's employ. Nor does it guarantee any fixed terms and conditions of your employment. Employment is not for any specific time and may be terminated by the Library or through resignation for any reason at any time." (Handbook Acknowledgement, Doc. 18-7.)

## II.  Standard of Review

The Library has moved for summary judgment under Federal Rule of Civil Procedure 56.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a). "In considering a motion for summary judgment, the district court must construe the

evidence and draw all reasonable inferences in favor of the nonmoving party." *Revis v.

Meldrum*, 489 F.3d 273, 279 (6th Cir. 2007) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio

Corp.*, 475 U.S. 574, 587 (1986)). "The central issue is 'whether the evidence presents a

sufficient disagreement to require submission to a jury or whether it is so one-sided that one

party must prevail as a matter of law.'" *Id.*, at 279–80 (quoting *Anderson v. Liberty Lobby, Inc.*,

477 U.S. 242, 251-52 (1986)).

## III.  Discussion

The sole argument advanced by the Library in support of its motion for summary

judgment is that Mr. Bowens' claims are barred because he failed to file suit within six months

after his termination.  According to the Library, Mr. Bowens' application form constituted a

contract with the Library by which Mr. Bowen agreed to an abbreviated, six-month limitations

period within which to bring suit for any claims relating to his employment, notwithstanding any

statutes of limitations providing for longer periods, in exchange for the Library's consideration

of his application.

In support of its position, the Library relies on *Thurman v. DaimlerChrysler Inc.*, 397

F.3d 352 (6th Cir. 2004), and *Hoskins v. DaimlerChrysler Corp.*, Case No. 3:03cv338, 2005 U.S.

Dist. LEXIS 45418 (S.D. Ohio Mar. 30, 2005).  In *Thurman*, the United States Court for the

Sixth Circuit upheld the district court's grant of summary judgment to the employer-defendant

based upon a finding that the six-month limitations period set forth in the employment

5

application form that the plaintiff had signed was reasonable. In that case, the relevant clause

provided:

> (8) I agree that any claim or lawsuit relating to my service with Chrysler
> Corporation or any of its subsidiaries must be filed no more than six (6) months
> after the date of the employment action that is the subject of the claim or lawsuit.
> I waive any statute of limitations to the contrary.

*Thurman*, 397 F.3d at 354.

In *Hoskins*, the United States District Court for the Southern District of Ohio similarly

determined that an abbreviated limitation period of six months, as set forth in an employment

application signed by the plaintiff, was enforceable. The Library points to the following

language from that decision:

> In *Thurman v. DaimlerChrysler*. . . , the Sixth Circuit held that an identical six-
> month limitation period contained in another employment application was
> reasonable and, therefore, enforceable under Michigan la. Under the law of that
> state, like that of Ohio, only a reasonable contractual limitation that shortens the
> applicable statute is enforceable. Based upon Thurman and in the absence of any
> argument to the contrary by [the plaintiffs], the Court concludes that the six-
> month limitation contained in the employment application signed by [the
> employee-plaintiff] is reasonable.

*Hoskins*, 2005 U.S. Dist. LEXIS 45418, at **13-14.

In this action, however, the application form is not the only document that could be

construed as an employment agreement. Mr. Bowens contends that the employment letter and

the Handbook, not the application form, comprise the terms of his employment with the Library.

Because neither the employment offer letter nor the Handbook incorporates by reference or sets

forth the terms contained in the application form, Mr. Bowens has shown a genuine issue of

dispute as to whether the six-month limit formed a term of the employment contract between the

parties. Accordingly, the Library's motion for summary judgment must be denied.

### IV. Conclusion

For the reasons discussed above, the Court **DENIES** the Motion for Summary Judgment filed by Defendants Metropolitan Library Board of Trustees, Meredith G. Patzer, and Forrest D. Sorensen (Doc. 15).

**IT IS SO ORDERED.**

3-28-2011
_____
**DATED**

_____
**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**